**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **GLORIA HARDESTY** | : | **DOCKET NO. 2:22-cv-04338** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss Without Prejudice filed by plaintiff Gloria Hardesty. Doc. 23. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **GRANTED**.

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff recently became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 15. Attached to the Termination Order was a fillable form entitled "Motion to Dismiss Without Prejudice." Doc. 15, att. 1. The Termination Order contained the following instruction and reference to the form motion to dismiss:

> **ADDITIONAL NOTICE TO PLAINTIFF:** If you never intended for this lawsuit to be filed on your behalf or, for whatever reason, no longer wish to pursue your lawsuit, please complete the attached form entitled "Motion to Dismiss Without Prejudice." Please follow the instructions on the form carefully. Unless and until you receive notice that the motion has been granted or if you receive notice that the motion has been denied, your case remains active, and you remain responsible for representing yourself as

- 1 -

outlined above. If you are concerned about the consequences of signing this document, we suggest you consult with an attorney.

Doc. 15, p. 4.  The properly completed and witnessed form motion to dismiss is now before the court.

The Termination Order also set a Magistrate Judge Status Conference for September 20, 2023, at 1:30 p.m. in Lake Charles, Louisiana, and plaintiff was to appear personally unless she first retained new counsel or the court granted a request to dismiss the suit. *Id.* at p. 5.  The order warned plaintiff that failure to appear without having retained new counsel or having sought to dismiss "may result in adverse consequences such as a recommendation . . . to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders." *Id.*

The court held the status conference on September 20, 2023, in Lake Charles, Louisiana. Doc. 22.  Plaintiff did not appear for the status conference, despite being instructed to do so. *Id.* Other than through the motion currently before the court, which was filed after the status conference was held, plaintiff has not contacted chambers regarding the case.  Therefore, the court indicated that we would recommend dismissal of this matter for failure to prosecute and abide by the orders of the court.

Having reviewed plaintiff's motion, the undersigned finds it a competent expression of plaintiff's wish to no longer prosecute this case against the defendants.  Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss Without Prejudice [doc. 23] be **GRANTED,** and that plaintiff's claims against defendants State Farm Fire & Casualty Co, State Farm General Insurance Co, and State Farm Mutual Automobile Insurance Co be **DISMISSED WITHOUT PREJUDICE.**

Alternatively, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE